# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**RICHARD S. EDWARDS,**

        **Plaintiff,**

**-vs-**                                        **Case No.  6:06-cv-836-Orl-22DAB**

**FLORIDA DEPARTMENT OF
CHILDREN AND FAMILIES;
CHRISTINE MILLETT, Data Processing
Manager; and WILLIAM PENLEY,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

     This cause came on for consideration without oral argument on the following motion filed

herein:

> **MOTION:**    **MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (MILLETT) (Doc. No. 32)**
>
> **FILED:**    **October 30, 2006**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**, in part.

> **MOTION:**    **MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (PENLEY) (Doc. No. 33)**
>
> **FILED:**    **October 30, 2006**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**, in part.

> **MOTION:**   **MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (DCF) (Doc. No. 37)**
>
> **FILED:**   **October 30, 2006**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**, in part.

Plaintiff has filed an Amended Complaint, which purports to assert employment discrimination in five counts: Count I for "Violation of 42 U.S.C. § 1981 - Race-Based Failure to Promote/Denial of Full Benefits;" Count II for "Violation of 42 U.S.C. § 2000e- Racial Discrimination;" Count III for "Violation of Title VII, 42 U.S.C. § § 2000e-3- Hostile Work Environment;" Count IV for "Violation of 42 U.S.C. § § 2000e-3, 42 U.S.C. § 1983;" and Count V, "42 U.S.C. § 1983 Action for Violations of Fourteenth Amendment to the United States Constitution - deprivation of rights Against Christine Millett, William Penley" (Doc. No. 30). The individual Defendants and the state agency have moved to dismiss some, but not all, of the Amended Complaint. In response papers to the instant motions, Plaintiff clarifies that the individual Defendants are being sued in their individual capacity, with respect to Count I, and their official capacities, with respect to Counts II, III and IV. The Amended Complaint references that the individual Defendants are sued in their individual capacities with respect to Count V.

### *STANDARD OF REVIEW*

As this Court has previously noted (Doc. No. 22), in deciding a motion to dismiss, the Court must accept as true all the factual allegations in the complaint, drawing all inferences derived from those facts in the light most favorable to the plaintiff. *Brown v. Crawford County*, 960 F. 2d 1002, 1010 (11th Cir. 1992). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236

(1974); *Little v. N. Miami*, 805 F. 2d 962, 965 (11th Cir. 1986). A count may not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of a claim for relief. *See Lopez v. First Union Nat'l Bank*, 129 F. 3d 1186, 1189 (11th Cir. 1997). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *See Ancata v. Prison Health Serv., Inc.*, 769 F. 2d 700, 703 (11th Cir. 1985). Nevertheless, dismissal is appropriate where a court cannot "identify each of the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice,* 253 F. 3d 678, 684 (11th Cir. 2001).  Moreover, a court should grant a motion to dismiss where the factual allegations in the plaintiff's complaint present a dispositive legal issue precluding relief. *See Marshall County Bd. of Educ. v. Marshall County Gas. Dist.*, 992 F. 2d 1171, 1174 (11th Cir. 1993).

As Plaintiff is appearing *pro se,* the Court reviews the pleadings liberally.  *See, e.g., Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.1998) ( "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). The deferential standard afforded *pro se* litigants, however, "does not give a court license ... to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments v. County of Escambia,* Fla., 132 F.3d 1359, 1369 (11th Cir.1998).

### ISSUES AND ANALYSIS

Defendants have filed individual motions which present similar arguments.  The Court addresses the motions with respect to the issues raised as to each count of the Amended Complaint.

*Count I - § 1981 claim*

Plaintiff has clarified that Count I is plead against Millet and Penley in their individual

capacities.   Defendants contend that 1) the individual defendants cannot be held liable for

discrimination under § 1981; and 2) Plaintiff has failed to plead the claim, which must be pursued

through an action under § 1983.  The Court finds Count I is properly dismissed.

It is beyond debate that, in this circuit, "[Section] 1983 contains the sole cause of action

against state actors for violations of § 1981." *Butts v. County of Volusia*, 222 F.3d 891, 892 (11th Cir.

2000).  It is also clear that, as Plaintiff acknowledges, "unfortunately, under count one, the complaint

fails to specifically reference 42 U.S.C. § 1983." As such, the count is due to be dismissed, unless the

Court, construing the Amended Complaint liberally, finds, as urged by Plaintiff, that a cause of action

under Section 1983 is somehow implied.  The Court need not make such a finding, because Plaintiff

has separately pled Section 1983 claims against Defendants in their individual capacities, for the same

conduct (Count V and part of Count IV).[1]  As such, even if the Court were inclined to presume a cause

of action under Section 1983 in Count I, it is duplicative and should therefore be dismissed.

*Counts II, III and IV*

The individual Defendants next allege that, to the extent Plaintiff seeks to assert Title VII

liability against them, the counts must be dismissed.  The District Court has already noted that there

is no cause of action against an individual under Title VII. (Doc. No. 22, citing *Dearth v. Collins*, 441

F.3d 931, 933 (11th Cir. 2006) ("[W]e now expressly hold that relief under Title VII is available

against only the employer and not against individual employees whose actions would constitute a

violation of [Title VII]. . . ").  As such, Counts II, III and IV should be dismissed, to the extent they

seek relief against Millett or Penley under Title VII.

---

[1]The Court notes that combining two causes of action in one count, as in Count IV, is not appropriate.  In view of Plaintiff's *pro se* status, and the fact that Defendants have already filed Answers to the Amended Complaint, dismissal of the entire pleading in order to allow correction of this defect is not recommended.

*Count V*

There does not appear to be any motion to dismiss directed to this Count.

*ADEA claim*

As noted by Defendants, and acknowledged by Plaintiff in his response to the motions, Plaintiff did not set forth any facts to support an ADEA claim, nor did Plaintiff set out a separate claim pursuant to the ADEA.  Although Plaintiff argues, in essence, that he *meant* to, as noted above, the Court cannot rewrite an otherwise deficient pleading in order to sustain a cause of action.  As the Amended Complaint does not present a cause of action under the ADEA, there is nothing to specifically dismiss.  The Court recommends that the District Court **find** that the Amended Complaint does not include any claim under the ADEA.

### CONCLUSION

For the foregoing reasons, it is **respectfully recommended** that the motions be **granted, in part**, as follows: Count I should be dismissed, Counts II, III and IV should be dismissed, to the extent they seek relief against Millett or Penley under Title VII, and the District Court should find that the Amended Complaint does not include a claim under the ADEA.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 6, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

-5-